# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ANTONIO SANTOS GODINEZ,

    Petitioner,

    v.

KRISTI NOEM, *et al.*,

    Respondents.

Case No. 2:26-cv-00362-RFB-BNW

**ORDER GRANTING WRIT OF HABEAS CORPUS**

    Before the Court is Petitioner Antonio Santos Godinez's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his civil detention at Henderson Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). Petitioner asserts his detention by Respondents without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("INA") because he is properly detained under § 1226(a) and its implementing regulations and violates the Due Process Clause of the Fifth Amendment. See Petition ("Pet.") at 12-14, ECF No. 1.

    The only authority Respondents provide for continuing to detain Petitioner without a bond hearing is their novel statutory interpretation of § 1225(b)(2)(A), which this Court has repeatedly found is unlawful. See, e.g., Jacobo Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090 (D. Nev. Feb. 5, 2026) (collecting cases). For the following reasons, and consistent with its prior decisions, the Court finds Respondents' ongoing detention of Petitioner under § 1225(b)(2)(A) is unlawful under the INA and Due Process Clause. Thus, the Court grants the Petition and orders Respondents to provide Petitioner a prompt bond hearing or immediately release him from custody.

    The Court makes the following findings of fact. Petitioner is a 49-year-old native and

1  citizen of Mexico who has resided in the United States since 2004, when he entered the country
2  without inspection. See ECF No. 1 at 10. Prior to his detention, Petitioner was steadily employed
3  and living with his wife and their three U.S. citizen children, ages 21, 18, and 9, the eldest of whom
4  is currently actively serving in the United States Army. See id. at 10-11. He has absolutely no
5  criminal history, including no arrests, in his decades of residency. See id. at 11. On February 1,
6  2026, ICE officers arrested Petitioner while he was on his way to work in Las Vegas, Nevada, and
7  quickly commenced removal proceedings against him, charging him as, *inter alia*, being present
8  in the United States without admission or parole and therefore removable under 8 U.S.C. §
9  1182(a)(6)(A)(i). See Form I-213 & Notice to Appear, ECF No. 13-2.

The Court—while also acknowledging that the BIA decision Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) [hereinafter "Hurtado"] has recently been vacated under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)[1]—*independently* rejects Respondents' and Hurtado's statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who was arrested by ICE far from any border or port of entry after years of residence in this country, for the reasons discussed in detail in this Court's previous decisions, which the Court incorporates and adopts by reference in this case. See, e.g., Escobar Salgado v. Mattos, ---- F.Supp.3d ---, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d ---, No. 2:25-CV-02136-RFB-MDC, 2025 WL 3270137, at *7-11 (D. Nev. Nov. 24, 2025). The Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified in dissent by Judge Douglas, see id., at *10-18 (Douglas, J., dissenting), and by other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-CV-00093, 2026 WL 353510, at *4 (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

Moreover, Buenrostro-Mendez did not address an as applied constitutional challenge to

---

[1] See Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).

1  Respondents detention policy under § 1225(b)(2)(A), which Petitioner raises here. The Court
2  incorporates by reference the legal authorities and standards set forth in Escobar Salgado regarding
3  the due process rights of noncitizens in Petitioner's position, including the Court's findings
4  regarding Respondents' erroneous reliance on Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S.
5  103 (2020) to contend that all undocumented noncitizens present in this country have no right to
6  due process under the Constitution. 2025 WL 3205356, at *22-24; see also Padilla v. U.S. Immig.
7  and Cust. Enf't, 704 F. Supp. 3d 1163 (W.D. Wash. 2023). Consistent with its prior decisions the
8  Court finds that Respondents' civil detention of Petitioner without a bond hearing and without
9  providing any individualized, constitutionally recognized justification for his detention violates
10 his procedural and substantive due process rights. See id. The Court therefore orders Respondents
11 to provide Petitioner a bond hearing wherein the government bears the burden of establishing an
12 individualized, constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his
13 detention is necessary to prevent danger to the community or to ensure his future appearance at
14 removal proceedings. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

15       Consistent with its broad equitable authority to fashion a habeas remedy for unlawful
16 detention "as law and justice require," the Court finds that, given the arbitrary deprivation of liberty
17 that Petitioner has suffered and continues to suffer, Respondents must provide a bond hearing
18 promptly, no later than **February 26, 2026**, or immediately release him from custody on his own
19 recognizance. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

20       Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 1) Petition for
21 Writ of Habeas Corpus is **GRANTED**.

22       **IT IS FURTHER ORDERED** that the (ECF No. 2) Motion for Temporary Restraining
23 Order is **DENIED as moot.**

24       **IT IS FURTHER ORDERED** that Respondents, including the immigration court, must
25 provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a)
26 no later than **February 26, 2026**. The immigration court must create a contemporaneous record of
27 the bond hearing that is available to Petitioner upon request. See, e.g., Rodriguez v. Robbins, 715
28 F.3d 1127, 1136 (9th Cir. 2013).

1    **IT IS FURTHER ORDERED** that if bond is granted, Respondents
2    are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has
3    received notice of the hardship other petitioners have incurred in their efforts to satisfy bond
4    through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be
5    afforded until **March 26, 2026** to satisfy any monetary bond conditions.

6    **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**
7    from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already
8    found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See
9    Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

10   **IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not
11   conducted by **February 26, 2026**, Respondents must **IMMEDIATELY RELEASE**
12   **PETITIONER** from custody **ON HIS OWN RECOGNIZANCE**.

13   **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**
14   from detaining Petitioner during the pendency of his current removal proceedings unless and until
15   it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate
16   bond hearing.

17   **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**
18   from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

19   **IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **February**
20   **27, 2026**. The status report shall detail if the bond hearing occurred, if bond was granted or denied,
21   and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred,
22   the status report shall confirm Petitioner's release from detention in compliance with this Order.

23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this matter to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs. Any fee petition should be filed within the deadlines and consistent with the requirements set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DATED:** February 24, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**